## WILLIAM A. BRANT, Appellant, v. S. O. GLORE, Respondent.

### Kansas City Court of Appeals, June 16, 1913.

1. **APPELLATE PRACTICE: Service of Abstract and Brief.** Where appellant, within the time required by the rules, served a correct abstract and brief on respondent, his appeal cannot be dismissed because, prior to the serving of the correct abstract, he may have served an incorrect abstract. And unless he has filed the incorrect abstract in the appellate court, no order of court is necessary to enable him to prepare a correct one. A compliance with the rules of the appellate court is all that can be required. Hence appellant can print and serve as many abstracts as he likes provided he serves a correct one in the time allowed him.

2. **PRINCIPAL AND AGENT: Suit Against Agent for Violating Instructions.** Plaintiff placed the balance due on a land purchase with defendant to be turned over when deal was consummated. Afterwards plaintiff accepted the deed, placed it on record, entered into possession of the land and collected the rents. By such acts he consummated the purchase and cannot recover of defendant because the latter turned the money left with him over to the seller of the land according to plaintiff's contract of purchase.

Appeal from Livingston Circuit Court.—*Hon. Arch. B. Davis,* Judge.

AFFIRMED.

*Arthaud & Arthaud* for appellant.

(1) That the respondent as agent of appellant because of having violated appellant's instructions is bound to make the appellant whole and place him in as good position as he was before respondent had violated his instructions. Marshall v. Ferguson, 101 Mo. App. 653, 94 Mo. App. 175.

*Paul D. Kitt* for respondent.

(1) If it be found that defendant was the agent of plaintiff, then plaintiff cannot recover from defendant in this case for exceeding his authority. Plaintiff with full knowledge of all the facts; that is, with full knowledge of the condition of the title and that his attorneys were contending that the abstract of title was not sufficient, he received, accepted, held and placed of record the deed for said land, collected the rent due from the farm for 1910, took possession and still retains possession of the land. He thereby ratified the payment of said money by defendant and is now estopped to sue defendant for exceeding his authority. Plaintiff cannot hold the land and money; he must choose which he will take. He chose the land. Wann v. Scullin, 233 Mo. 629; Beagles v. Robertson, 135 Mo. App. 325; Story on Agency (5 Ed.), sec. 239; 31 Cyc. p. 1245-1292, 1456; Bigelow on Estoppel (5 Ed.), 660; 1 Am. & Eng. Ency. Law (2 Ed.), p. 1181-1213; Semple v. Atkinson, 64 Mo. 507.

TRIMBLE, J.—Appellant alleges that respondent was his agent to pay to one Linville $950, the balance due on the price of some land purchased of Linville, said money to be turned over whenever the title was shown to be as provided for in the contract of purchase. He further alleges that, in wanton disregard of his instructions, respondent paid the $950 to said Linville although said title was not, and is not,

such as is provided for in the contract; wherefore he prays a recovery of said $950. The trial court found for defendant and plaintiff appealed.

Respondent has filed two motions which must be disposed of before the appeal can be considered on its merits. One of these motions is to dismiss the appeal for alleged insufficiency of appellant's abstract. It seems that appellant prepared and had printed an abstract which was defective in that it failed to show the motion for new trial, or the action of the court thereon, or the filing of the bill of exceptions or anything in reference thereto. This defective abstract was served on respondent's counsel much sooner than was required by the rules of this court. Respondent's counsel immediately prepared a motion attacking the abstract as insufficient. Appellant's counsel, discovering that his abstract was defective, prepared a corrected abstract in which the defects in the former abstract were cured, and had said corrected abstract served upon respondent's counsel *before the time had elapsed* for serving abstracts under our rules. The defective abstract had not been filed with the clerk of this court at the time the corrected abstract was served. Indeed the defective abstract was never filed. As soon as the corrected abstract was served, appellant filed copies thereof with proof of service in this court in due time according to the rules. The motion to dismiss for insufficiency of absract was, of course, directed at the first abstract served, but as it was never filed, and as the corrected abstract served and filed is in proper form, and was both served and filed in the time required, the motion to dismiss has nothing upon which to operate and must, therefore, be overruled. The fact that the first abstract served was defective is no ground for complaint so long as a sufficient abstract was served in time and filed as required by the rules. Appellant can print and serve as many abstracts as he chooses provided he does serve a suffi-

cient abstract in time and files copies, with proof of service, in accordance with the rules of this court and no one can complain, unless it be appellant when he pays the printer's bill, and, of course, he is in no position to complain. But respondent filed a motion to strike the corrected abstracts from the files of this court because no leave was first obtained to make and file the correction. But the defective abstracts were never filed and had not been made a record of this court. Hence there was no need to obtain permission to correct that which was still in the possession and control of appellant. In serving and filing a correct abstract, before the time for doing so had expired, appellant was doing no more than he was required to do by the rules. The motion to strike from the files is overruled.

This brings us to the case on its merits.

As stated at the outset, appellant purchased certain land of a Mr. Linville, making the purchase through Linville's agent, S. O. Glore, defendant herein. The contract was in writing. The purchase price was $2850, of which $300 was paid in cash at time of signing contract, a mortgage of $1600 on the place was assumed, and the balance $950 to be paid "when abstract and title shall be approved and deed passed." The contract further provided that an abstract of title should be furnished in a reasonable time, "showing lawful title of record to said lands free of incumbrance, except the debt of $1600." If abstract failed to show title to be according to terms of contract, purchaser was to return same within a reasonable time with written objections to title, and seller was to have a reasonable time thereafter to correct same. And when conditions of the contract had been fully complied with, seller agreed to execute and deliver a good and sufficient warranty deed.

The contract was dated April 26, 1910. The time for consummating the contract was fixed at June 26,

1910. On May 5, 1910, plaintiff sent defendant the balance due on the purchase price, to-wit, $950, for the owner Mr. Linville. In doing so, he wrote a letter accompanying the draft which is as follows:

"Bolivar, Mo., May 5, 1910.

"Mr. Glore,

"Chillicothe, Mo.

"I arrived safe; I had not heard from you. I enclose draft for $950, balance due Mr. Linville. I wish you would see Arthauds and see what their bill is and tell me and I will send Watkins money to you, and the recording of my deed.

"Hope all is alright. Give my best regards to Gunby & Co.

"Yours,

"WM. A. BRANT.

The abstract of title was furnished and turned over to plaintiff's attorney for examination. This was made and the abstract returned to the seller for requirements to be complied with. These were perperfected and the abstract was again delivered to plaintiff's attorney. On June 25, 1910, the day before the trade was to be finally closed, defendant caused Linville's deed and the abstract to be sent to the plaintiff who was purchasing the land. Plaintiff accepted the deed and sent it to his attorney and it remained in the latter's hands from June, 1910, to some time that fall when plaintiff obtained it from his attorney and, although he was well aware that said attorney was claiming the title was not as called for in the contract, yet plaintiff took said deed and placed it on record and collected the rent for 1910, as the contract of sale specified that the rent for that year should go to the purchaser. And on March 1, 1911, plaintiff entered into possession of the land. Plaintiff accepted and recorded his deed, collected the rent, and, at the close of the tenant's term, took possession of

the farm without notifying defendant to hold the $950 placed in his hands for delivery to Linville.

Defendant waited from the time he sent the deed to plaintiff in June, 1910, until August 17th of that year and, hearing nothing from plaintiff, paid the $950 over to Linville. On March 10, 1911, plaintiff brought suit for the $950 and asked that the court order it placed in the clerk's hands until the title is made to comply with the contract.

The condition of the title is not shown, only the fact that plaintiff's attorney says it is not in accordance with the contract while others contend that it is. Plaintiff's title has not been questioned nor has he been bothered in his possession of the land.

The circuit court found for defendant. It is not perceived how any other conclusion could have been reached. The $950 was due Linville "when abstract and title shall be approved and deed passed." Plaintiff by accepting the deed and placing it on record, and collecting the rent and entering into possession of the land, certainly closed the trade and this entitled Linville to have his money. Defendant waited nearly sixty days after sending plaintiff his deed before turning the money over, but heard nothing from plaintiff and this of itself would justify defendant in so doing. When plaintiff consummated the contract by accepting and recording the deed, he in legal effect authorized defendant to turn the money over in accordance with the contract. When defendant did so he was doing nothing more than what plaintiff was in duty bound to do. Plaintiff cannot accept and close a trade and reap the fruits thereof and then sue defendant for an alleged unauthorized act in making the final payment due under that contract. [Wann v. Scullin, 235 Mo. 629; Beayles v. Robertson, 135 Mo. App. 306, l. c. 325.] The judgment is affirmed. All concur.